JIAN YUN GUO, Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General,* Bureau of Citizenship and Immigration Services, Respondents.

No. 08–4679–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

John Chang, New York, NY, for Petitioner.

Michael F. Hertz, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Samia Naseem, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Yun Guo, a native and citizen of the People's Republic of China, seeks review of a September 4, 2008 order of the BIA, affirming the August 22, 2007 decision of Immigration Judge ("IJ") Annette Elstein denying his motion to reopen. *In re Jian Yun Guo,* No. A029 826 186 (B.I.A. Sep. 4, 2008), *aff'g* No. A029 826 186 (Immig. Ct. N.Y. City Aug. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Guo's untimely motion to reopen.

Guo argues that the BIA erred in concluding that she failed to demonstrate either material changed country conditions sufficient to excuse the untimely filing of her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).